**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  RWT-08-203** |
| | * | |
| **OPIO MOORE,** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\***

**RESPONSE OF THE UNITED STATES OF AMERICA**
**TO DEFENDANT'S MOTION FOR A NEW TRIAL**

The United States, by and through undersigned counsel hereby respectfully requests that this Court deny Defendant Opio Moore's Motion for A New Trial.  As grounds for the government's request, the government states as follows:

**PROCEDURAL BACKGROUND**

On April 28, 2008, the grand jury for the District of Maryland returned a two-count Indictment charging the defendant with conspiracy and unlawful possession of ammunition by a convicted felon.  These charges arise from the defendant's arrest on August 30, 2006 in the District of Columbia.  On June 26, 2008, the defendant, Moore, filed a motion to suppress evidence.

A pretrial motions hearing was held on November 26, 2008, at which time this Court denied Defendant Moore's motion to suppress evidence resulting from the August 30, 2006 traffic stop, after testimony from Special Agent McLoughlin and argument from counsel.

Trial commenced on December 2, 2008, and lasted approximately three days.  After a day of deliberations, the jury returned a verdict of guilty as to both counts of the Indictment.  Defendant Moore has filed a motion for a new trial.  For the reasons stated below and for the reasons already articulated prior to trial and during trial, that motion should be denied.

**ARGUMENT**

Defendant Moore contends that the Court should grant a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure for various reasons discussed below, none of which involve newly discovered evidence.   Under Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial on a motion of the defendant "if the interest of justice so requires."  Because the defendant has not articulated a sufficient basis for relief, the Court should deny his motion.

A new trial is a drastic remedy intended for the rare case.  Indeed, the Fourth Circuit has cautioned that a trial court should exercise its discretion to grant a new trial "sparingly" and that it should do so "only when the evidence weighs heavily against the verdict."  *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (*quoting United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997)).  The Court should examine all of the evidence introduced at trial and – unlike when ruling on a motion for acquittal – the Court may evaluate for itself the credibility of witnesses.  *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).  However, the trial Court should not lightly substitute its judgment for that of the jury.  Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the Court grant a new trial.  Id.  In other words, the "evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.*" United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997).  Indeed, even a judge's "disagreement with the jury's verdict does not mandate a new trial." *Arrington*, 757 F.2d at 1486.

The instant case is  not the "rare" or exceptional case in which a new trial is warranted because a miscarriage of justice would otherwise occur.  To the contrary, there was overwhelming evidence to support the jury's verdict and the defendant has  failed to raise any issue that would

2

merit such relief.

      **A.    The Court Properly Admitted Evidence Seized Pursuant to the August 30, 2006 Traffic Stop.**

      Defendant Moore has renewed his objection to the admission of evidence recovered during the traffic stop on August 30, 2006.  The defendant fully briefed and litigated the admissibility of the evidence seized during the traffic stop prior to trial.  After reviewing the briefs submitted by both parties on this issue and after holding an evidentiary hearing on the matter, the Court denied the defendant's motion.  In his post-trial motion, the defendant has not raised any new argument or presented new evidence that would merit a reversal of the Court's pretrial ruling.

      **1.    The Court Properly Concluded the Search Was Valid Irrespective of the *Heller* decision.**

      Defendant reiterates his previous argument that the Supreme Court's subsequent decision which declared the District of Columbia possession of firearms and ammunition statute unconstitutional renders the search illegal. *District of Columbia v. Heller*, ___ U.S. ___,128 S. Ct. 2783, 2822 (2008)  This argument was rejected by this Court at the pretrial hearing and there is no reason to reconsider it now.

      As set forth in the government's original motions response, the Supreme Court has made it clear that a subsequent determination that a statute is unconstitutional does not justify the exclusion of evidence seized prior to such determination.. *See, Illinois v. Krull*, 480 U.S. 340, 349-50 (1987) (court refused to apply the exclusionary rule where officer relied upon statute authorizing warrantless searches of automotive parts businesses which statute was subsequently determined to be unconstitutional).

      In *Krull,* the Court reasoned that the deterrence of unlawful police conduct is not advanced

when an officer acts in objectively reasonable reliance on a statute. *Id.* at 349. "Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law.  If the statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written." *Id*. at 349-350; *United States v. Ferguson*, 508 F. Supp. 2d 7, 9 (D.D.C. 2007).

The Supreme Court recently reiterated the limitations of the exclusionary rule stating "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Thus, "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence," but does not require suppression of evidence in a case where the officer's error "was the result of isolated negligence attenuated from the arrest." *Herring v. United States*, No. 07-513, (Jan. 14, 2009) (exclusionary rule did not apply to evidence seized by police officers during a search incident to arrest, when the officers mistakenly believed (based on a negligent record keeping error) that the defendant had an outstanding arrest warrant).

Clearly, under the rationale of *Krull* and *Herring*, the ATF agents acted in good faith reliance upon a statute which was constitutional at the time of the traffic stop and the Court, therefore, properly denied the motion to suppress.

2.     **The Trial Testimony Did Not Materially Contradict Agent McLoughlin's Testimony at the Motions Hearing.**

Defendant Moore strains to create a conflict between the testimony of various witnesses at trial – where none exists– in a feeble attempt to defeat probable cause for the traffic stop.  Contrary to Moore's contention, the testimony of the witnesses at trial actually corroborate the events of August 30, 2006,.  The defendant argues that Task Force Officer Hendricks trial testimony indicated that he was not given any information about where to look for the ammunition and his admission that he started the search in the glove compartment so contradicted Agent McLoughlin's motions testimony as to justify this court reversing its probable cause determination. Likewise, the defendant asserts that Alvin Jackson's testimony shows that his mother did not speak with the defendant before entering the gun shop so contradicted the testimony of Agent McLoughlin that this Court should reconsider its original decision and suppress the evidence.   Neither of these allegations warrant a reversal of this Court's determination that the search of the Jeep was based upon probable cause.

Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). *Accord, Ornelas v. United States*, 517 U.S. 690, 696 (1996) (probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found"); *United States v. Hurwitz*, 459 F.3d 463, 473 (4th Cir. 2006); *United States v. Brookins*, 345 F.3d 231, 235 ( 4th Cir. 2003); and *United States v. Robinson*, 275 F.3d 371, 380 (4th Cir. 2001), *cert. denied*, 535 U.S. 1006 (2001).

The fact that TFO Hendrick did not recall being told where the ammunition would be, he started his search in the glove compartment-an obvious place to look for a gun.  Alvin Jackson testified at trial that he did not see his mother speak to Moore before going into the gun shop. Jackson testified that his mother gave the bag from the gun store to Moore and Moore gave his mother money in exchange for the bag.  Similarly, Agent Tuveson's trial testimony–that he observed the exchange and the defendant placing the bag of bullets in the rear passenger area-- was consistent with Agent McLoughlin's motions testimony.  Moreover, Agent McLoughlin testified, based on his training and experience, that the bag contained a bag of bullets.  Based upon all of the testimony, it is clear there was ample evidence to support the Court's probable cause finding.

For all of the reasons previously discussed, the Court's decision to deny defendant's motion to suppress was well-founded in light of governing law and the facts of this case.

## <u>CONCLUSION</u>

For the foregoing reasons, and for all of the reasons set forth by the government in its original response to the motion to suppress and during the pretrial motions hearing, and for all of the reasons articulated by the Court during the pretrial motions hearing and trial, the government respectfully requests that the Court deny the defendant's motion for a new trial.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
        Emily N. Glatfelter
        Deborah A. Johnston


## <u>CERTIFICATE OF SERVICE</u>

6

This is to certify that on this 21st day of January, 2009, a copy of the foregoing Response of the United States of America to Defendant's' Motion for New Trial was electronically filed and served on all parties.

_____/s/_____
Emily N. Glatfelter
Assistant United States Attorney