**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *   **CRIMINAL NO. RWT-08-203** |
| **OPIO MOORE,** | * |
| **Defendant.** | * |
| | ***** |

**MEMORANDUM OPINION**

The Defendant, Opio Moore, was indicted on April 28, 2008, on two counts charging conspiracy and the unlawful possession of ammunition by a convicted felon. The charges stemmed from Defendant's arrest in the District of Columbia on August 30, 2006, following a traffic stop. The Defendant moved to suppress the evidence obtained during that traffic stop. The Court held a pretrial motions hearing on November 26, 2008, and heard testimony from one law enforcement witness and arguments of counsel. At the conclusion of the hearing, the Court denied the motion to suppress.

Trial began on December 2, 2008, at the conclusion of which Defendant was convicted on both counts of the indictment. Defendant filed the instant Motion For A New Trial [Paper No. 51] on January 5, 2009. For the reasons stated below, the motion will be denied.

**I.**

Defendant moves for a new trial pursuant to Federal Rule of Criminal Procedure 33, which states that a district court may grant a new trial on the motion of a defendant "if justice so requires." Fed. R. Crim. P. 33. A new trial is a drastic remedy, intended for a rare case. The Fourth Circuit has cautioned that a district court should exercise its discretion in this area "sparingly" and that it

should grant a new trial "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997)).  A judge's mere disagreement with a jury's verdict does not mandate a new trial, and a new trial should be granted only if "it would be a miscarriage of justice to let the verdict stand." *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997); *see also United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

**II.**

The Defendant argues that the Court should grant him a new trial because the Court's pretrial decision to deny his motion to suppress was erroneous.

First, Defendant argues that the trial testimony of Task Force Officer Hendricks and Mr. Alvin Jackson materially contradicted that given by Special Agent McLoughlin at the pretrial motions hearing. This alleged discrepancy concerns where in Defendant's car that law enforcement officers began their search for the suspected box of ammunition, and how the officers conducting the search had obtained information concerning the location of the ammunition within the vehicle. The Court does not find the trial testimony materially inconsistent with that given at the motions hearing, nor does any alleged discrepancy negate the Court's previous finding that the stop and search of Defendant's vehicle was supported by probable cause.

Second, Defendant argues that officers should not have been permitted to rely on a District of Columbia law, then in effect, prohibiting the possession of ammunition by ordinary citizens, as the basis for the probable cause to stop and search his vehicle.  Two years after Defendant's arrest in this case, the Supreme Court held that the District of Columbia's complete ban on possession of

firearms and ammunition violated the Second Amendment. *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). However, as this Court previously held at the conclusion of the motions hearing, the *Heller* decision does not invalidate the search in this case. The law is clear that a subsequent determination that a statute is unconstitutional does not justify the exclusion of evidence seized prior to that determination. *See Illinois v. Krull*, 480 U.S. 340, 349-50 (1987). Furthermore, in *Herring v. United States*, the Supreme Court recently reiterated that the exclusionary rule should only be applied in situations in which "police conduct [is] sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." 129 S. Ct. 695, 702 (2009).

In this case, the ATF agents acted in good faith reliance upon a District of Columbia statute that was valid at the time of the traffic stop. Therefore, the Court finds no basis upon which to revisit its earlier ruling on the motion to suppress or to grant Defendant's motion for a new trial.

## III.

For these reasons the Court shall deny the Motion For A New Trial [Paper No. 51]. A separate Order follows.

Date: June 4, 2009                             /s/
                                      ROGER W. TITUS
                                 UNITED STATES DISTRICT JUDGE