IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RWT-08-0203 |
| | * | |
| OPIO DIARRA MOORE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**********

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM PERTAINING TO DEFENSE SUBPOENAS

The United States of America, by its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Deborah A. Johnston and Emily N. Glatfelter, Assistant United States Attorneys for said District, respectfully submits this response to the defendant's memorandum pertaining to defense subpoenas.

**I.     BACKGROUND**

On December 12, 2008, the defendant was convicted of possession of ammunition after a felony conviction in violation of 18 U.S.C. §922 (g) and conspiracy to commit said offense. The defendant's sentencing has been continued several times. Most recently, it was continued at the defense request to conduct further investigation of the two cooperating witnesses the government intends to call at the sentencing which is presently set for April 22, 2010. Unbeknownst to the government the defendant obtained ex parte Rule 17(c) subpoenas for records relating to the background of at least one of those witnesses. Unfortunately due to this court's practice of automatically filing defense requests for subpoenas under Rule 17(c) ex parte, the government does not know how many of these subpoenas have been issued or the basis for each such subpoena.

1

However, government counsel was contacted by the United States Marshal Service in the Eastern District of Virginia regarding a subpoena they received and the government agreed to receive the documents and provide them to the court and if directed by the court to provide them to defense counsel.

On April 16, 2010 the defendant filed a memorandum justifying his use of *ex parte* Rule 17(c) subpoenas and requesting the court provide the records to him. As the government noted during the telephone conference, the government is willing to disclose the information in the inmate file which could be used to impeach the witness, e.g. infractions., However as the defendant concedes the vast majority of the requested information would be used "to send an investigator to speak to those visitors who may have relevant information." *See* Def. Memo, p. 15.  As set forth below, use of the records for investigative purposes is beyond the plain language of the Rule as well as the Supreme Court's interpretation of Rule 17(c). Therefore this court should limit disclosure to those records which could be used to cross exam the witness.

    II.    **ARGUMENT**

        A.    **The Government Has a Right to Be Heard.**

Defendant alleges the government has no standing in this matter. However while citing extensively from the District Court opinion in *United States v. Beckford*, 964 F. Supp 1010 (E.D.Va. 1997), the defendant ignores its analysis on this issue.  In *Beckford*, the court concluded that "Rule 17(c) suggests an adversarial process wherein the opposing party will be provided with notice and an opportunity to challenge a party's motion for issuance of a pretrial subpoena duces tecum....." and "Rule 17(c) contemplates that litigation over the scope of such subpoenas will be conducted upon notice which unless otherwise provided, would run to all parties to the case." *Id.* at 1026.

In *Beckford* the court further stated that "[o]rdinarily, *ex parte* procedure will be unnecessary and thus inappropriate" and concluded that Rule 17(c) authorized the use of an ex parte request only in "exceptional circumstances." *Beckford*, 964 F. Supp at 1030. The court described the circumstances where the ex parte process might be proper:

> where a defendant seeks from medical providers records of his own mental or physical health where that is in issue in the case. The same would be true where a defendant seeks records about himself from public agencies such as federal or state social service agencies or from his military service. And, where state law enforcement agencies or courts have concluded investigations or proceedings and are not involved in the federal prosecution, subpoenas for those records might be obtainable by *ex parte* process where the requested records are obviously linked to a specific defense theory. All of these examples present circumstances where documents could be expected to be of use to the defense and, as to which, a satisfactory *Nixon* showing could result in the disclosure of the trial tactics, the actual defense to be advanced at trial, or other undue disclosure to the Government.

*Id.* Clearly there is no disclosure of a trial tactics, or a defense theory to the charges in this case. This is not a case where the defendant requested his own records to prove he was incarcerated at the time of the alleged murders or other similar alibi records which might disclose his alibi defense and therefore might appropriately be the subject of an *ex parte* request. Rather what the defense seeks is information to impeach the witness and information to investigate the witness. Certainly the government knows that the defense will investigate every witness' background in search of impeachment information.

Given this request for a Rule 17(c) pretrial production of documents should not have been filed ex parte the government is entitled to be heard. *See also*, *United States v. Modi*, 2006 WL 188327 (W.D. Va.)(holding that government has the right to be heard before the subpoenas are issued stating "the government, as opposing party, has a right to be heard on a motion presented for the court's consideration"); *United States v. Whittig*, 2008 WL 2404959*3 ( D.

3

Kan.)(holding government has a right to be heard as an opposing party on a motion for the issuance of Rule 17(c) and stating that "standing is really a non-issue in this case because the court has an interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.'"(citations omitted)) .

### B. The Defendant Has Failed to Satisfy the Requirements of *Nixon*.

The defendant's request for all information in the witness' inmate file is overbroad and exceeds the parameters set forth in Rule 17(c) and the Supreme Court's ruling in *United States v. Nixon*, 428 U.S. 683 (1974).

Fed. R. Crim. P. 17(c) provides that a subpoena may command an individual "to produce the books, papers, documents, data or other objects designated therein." The Rule also provides that the court may direct that the witness to "produce the designated items **before the court at a time prior to the trial** or **prior to the time when they are to be offered into evidence**" and "when they arrive the court **may permit** the parties and their attorneys to inspect all or part of them.[1]" Clearly the Rule itself is limited to items that "are to be offered in evidence."

In *Nixon*, 418 U.S. 683, 699-700 (1974), the Supreme Court set out the elements which a movant must satisfy to obtain a Rule 17(c) subpoena:

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably

---

[1] Rule 17 (c) which requires the court to order pretrial production to the court and the court determines whether the parties are given access to the materials differs significantly from the corresponding civil rule. Rule 45 (a)(1)(C) of the Federal Rules of Civil Procedure provides that a person maybe command to "produce and permit inspection, copying, testing, sampling of designated books, documents....in the possession or control of that person..... at a time and place specified therein." Under Rule 45, a litigant may designate the time and place of production and no court action is required.

4

> in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

See also United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996). The defendant has not and cannot satisfy these requirements as the subpoenas request documents which are not relevant evidence. Moreover by his own admission the subpoena is nothing more than a fishing expedition in an effort to find individuals who may have negative opinions of the government witness.

Rule 17(c) subpoenas are intended to be used in very limited circumstances to obtain specific pieces of evidence to be introduced at trial, *see* Nixon, 418 U.S. at 699-700 In Nixon, the court made it clear that the party seeking the Rule 17 (c) subpoenas duces tecum for the pretrial production of documents "must clear three hurdles: relevancy;(2) admissibility; (3) specificity." 418 U.S. at 700. The court upheld a government subpoena to a third party, the President of the United States based upon the government's presentation of witness statements and information which particularly identified the tapes and established the evidentiary value and admissibility of the tapes at the trial. Id. In doing so the court concluded that there was a "sufficient preliminary showing that each of the subpoenaed tapes contained evidence admissible with respect to the offenses charged in the indictment." Id.. "In order to warrant the issuance of a subpoena duces tecum, a party must show that "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." and "[t]hese specificity and relevance elements require more than the title of a document and conjecture as to its contents." United States v. Arditti, 955 F.2d 331, 345 (5th Cir.) (citing Nixon, 418 U.S. at 700)

(affirming denial of defendant's subpoena for government documents describing the purpose, method and objectives of the undercover operation and the means of targeting because request lacked sufficient specificity of evidentiary value and "that he was trying 'to use the subpoena duces tecum as a discovery device, which it is not.'"(internal citation omitted)), cert. denied, 506 U.S. 998 (1992).

"Specificity is the hurdle on which many subpoena requests stumble." United States v. Jackson, 155 F.R.D. 664, 667 (D.Kan. 1994). "This requirement ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." Id. (citing United States v. Crosland, 821 F.Supp. 1123, 1129 (E.D.Va.1993)).  See, United States v. Hardy, 224 F.3d, 753, 755 (8th Cir. 2000)(government's motion to quash granted where defendant sought pretrial production from local police department of radio transmissions as his speculation that content would confirm presence of informant was not sufficient to establish the evidentiary value of its content).

In this case the defendant has requested the witness' entire inmate file including visitor and telephone logs as well as the list of separatees. In his memorandum he has failed to establish, as required by *Nixon*, the admissibility of each requested document. The documents, such as the visitors logs and separatees lists are clearly not admissible, relevant evidence. Indeed the defendant concedes as much when he states his intent to use the information to send an investigator to interview people listed in the records as visitors. *See* Def. Memo at p. 15-16. Consequently the subpoena has issued was overly broad and beyond the scope of *Nixon* and Rule 17c.

### C. This Court Should Limit the Disclosure of the Subpoenaed Records.

As noted previously, Rule 17(c) provides that the court may direct a witness to "produce the designated items **before the court at a time prior to the trial** or **prior to the time when they are to be offered into evidence"** and "when they arrive the court **may permit** the parties and their attorneys to inspect all or part of them. By its plain language the documents are to be presented to the court and the court is to decide which parties may inspect the records and whether the parties may inspect all or a part of the records. The government suggests this court exercise its authority under Rule 17(c) and permit the defendant to inspect only those portions of the records which bear directly on the credibility of the witness or might otherwise be used to impeach the witness. By so doing the court complies with the *Nixon* holding, provides the defendant with the information necessary to cross examine the witness and precludes the "fishing expedition" defendant seeks.

### III.   CONCLUSION

For the reasons set forth, the government respectfully requests that the court limit defendant's access to those portions of the record which could be used during cross examination to impeach the witness and for such further relief as the court might deem appropriate.

                                    Respectfully submitted,

                                    Rod J. Rosenstein
                                    United States Attorney

                            By:_____
                                Deborah A. Johnston
                                Emily N. Glatfelter
                                Assistant United States Attorneys